UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>     v.<br><br>LILY HELEN KO,<br><br>          Defendant. | Case No. 15-CV-04748-LHK<br><br>**ORDER REMANDING CASE TO STATE COURT** |

On October 14, 2015, Defendant Lily Helen Ko ("Ko") filed a notice of removal in an attempt to remove two pending child custody cases from the Santa Clara County Superior Court to this Court. ECF No. 1.

A federal district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts do not have jurisdiction over child custody matters; rather, those decisions rest firmly within the province of state courts. *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("The domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

Accordingly, because the domestic relations exception applies here, the Court hereby

1

Case No. 15-CV-04748-LHK
ORDER REMANDING CASE TO STATE COURT

REMANDS the instant action to the Santa Clara County Superior Court.[1]

**IT IS SO ORDERED.**

Dated:  December 7, 2015

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

---

[1] In determining that there is no basis for federal jurisdiction in the instant action, the Court need not address the other issues raised in Magistrate Judge Nathanael Cousins' Report and Recommendation.  *See* ECF No. 5 at 3 (recommending that the Court deny Ko's application for leave to proceed *in forma pauperis* and recommending that the Court dismiss Ko's counterclaim against the State of California).  However, if the Court were to address these issues, the Court would find Judge Cousins' Report and Recommendation on these matters well-founded in fact and in law.